Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7456 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Federal Trade Commission vs. 1492828 Ontario Inc., et al | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   Status hearing held.  Enter Stipulated Order for Permanent Injunction and Final Judgment against defendant Paul Schroeder in the amount of $8,273,893.50 (USD) ("Judgment"), jointly and severally with the other defendants, as equitable monetary relief.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 29 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 66 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| yp | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
2004 JUL 28 PM 3: 11

Date/time received in central Clerk's Office

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 02 C 7456 |
| 1492828 ONTARIO INC., d/b/a FIRST CAPITAL CONSUMERS GROUP, US GUARDIAN UNITED CONSUMERS, TRANS AMERICA UNITED BENEFITS GROUP, TRANSGLOBAL NATIONAL CONSUMERS GROUP, and FIRST GUARDIAN NATIONAL BENEFITS, | ) ) ) ) ) ) ) | Judge Guzman Magistrate Judge Nolan |
| | ) | |
| 1533649 ONTARIO INC., d/b/a INTER OFFICE MARKETING SERVICES, CAPITAL COMMUNICATIONS, US GUARDIAN UNITED CONSUMERS, TRANS AMERICA UNITED BENEFITS GROUP, TRANSGLOBAL NATIONAL CONSUMERS GROUP, and FIRST GUARDIAN NATIONAL BENEFITS, | ) ) ) ) ) ) ) | **DOCKETED** JUL 2 9 2004 |
| | ) | |
| DAVID DALGLISH, | ) | |
| | ) | |
| LESLIE ANDERSON, | ) | |
| | ) | |
| LLOYD PRUDENZA, | ) | |
| | ) | |
| MARK LENNOX, and | ) | |
| | ) | |
| PAUL SCHROEDER, d/b/a PAUL SCHROEDER & ASSOCIATES, PS&A, and YOUR BENEFITZ, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AGAINST DEFENDANT PAUL SCHROEDER

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), commenced this

action by filing its complaint for injunctive and other equitable relief pursuant to Sections 13(b)



and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101, *et seq.*, charging that the Defendants engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

The parties, and Belinda L. Schroeder, the wife of Defendant Paul Schroeder, having been represented by counsel and acting by and through such counsel, have consented to the entry of this Stipulated Order for Permanent Injunction and Final Judgment Against Defendant Paul Schroeder ("Stipulated Order") without a trial or adjudication of any issue of law or fact herein.

NOW, THEREFORE, the Commission and Defendant Paul Schroeder, having requested the Court to enter this Stipulated Order, and the Court having considered the Stipulated Order reached among the parties and for other cause appearing, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1.     This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Rule, 16 C.F.R. Part 310.  Pursuant to these statutes and regulations, the Commission has the authority to seek the relief contained herein.

2.     The Commission's complaint states a claim upon which relief may be granted against Defendant Paul Schroeder under Sections 5, 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45, 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Rule, 16 C.F.R. Part 310.

2

3.      This Court has jurisdiction over the subject matter and all parties herein.

4.      Venue in the United States District Court for the Northern District of Illinois is proper.

5.      The alleged activities of Defendant Paul Schroeder are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendant Paul Schroeder, without admitting the allegations set forth in Plaintiff's complaint or any wrongdoing on his part, agrees to entry of this Stipulated Order.

7.      Belinda L. Schroeder, having been represented by counsel, and in order to end the possibility of further disputes with the FTC arising out of the Complaint which might involve her, agrees to be bound by Section IV of this Stipulated Order, and such other provisions of this Order as applicable.

8.      The parties, and Belinda L. Schroeder, have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, and all rights to seek judicial review, or otherwise to challenge the validity of this Stipulated Order.

9.      Entry of this Stipulated Order is in the public interest.

## ORDER

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      "Defendant," "Defendant Paul Schroeder," or "Defendant Schroeder" means Paul Schroeder, by whatever name he might be known, including, but not limited to, Paul Schroeder & Associates, PS&A, and Your Benefitz.

3

2.      "Named Defendant" or "Named Defendants" means 1492828 Ontario Inc., d/b/a

First Capital Consumers Group, US Guardian United Consumers, Trans America United Benefits

Group, Transglobal National Consumers Group, and First Guardian National Benefits; 1533649

Ontario Inc., d/b/a Inter Office Marketing Services, Capital Communications, US Guardian

United Consumers, Trans America United Benefits Group, Transglobal National Consumers

Group, and First Guardian National Benefits; David Dalglish; Leslie Anderson; Lloyd Prudenza;

Mark Lennox; and Paul Schroeder; and each of them, by whatever names each might be known.

3.      "Asset" or "assets" means any legal or equitable interest in, right to, or claim to,

any real and personal property, including, but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms

are defined in the Uniform Commercial Code), lines of credit, and all cash, chattels, leaseholds,

contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits,

premises, receivables, and funds, wherever located.

4.      "Customer" means purchaser or customer, or potential purchaser or potential

customer.

5.      "Person" means any individual, group, unincorporated association, limited or

general partnership, corporation, or other business entity.

6.      "Material" means likely to affect a person's choice of, or conduct regarding,

goods or services.

7.      "Document" is synonymous in meaning and equal in scope to the usage of the

term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

photographs, audio and video recordings, computer records, and other data compilations from

which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8.    "Assisting others," as used in Sections II and III of this Order, means (1) performing customer service functions including, but not limited to, receiving or responding to consumer complaints, receiving identifying and financial information from consumers, and communicating with consumers about extensions of credit; (2) developing, providing or arranging for the development or provision of sales scripts or any other marketing material; (3) providing names of, or arranging for the provision of names of, potential customers; or (4) performing marketing services of any kind for other persons.

9.    "Credit-related products, programs, or services" means any product, program, or service which is advertised, offered for sale, or sold to consumers as a method by which consumers may establish or obtain any extension of credit or credit device, including, but not limited to, credit cards, loans, or financing, or as a method to consolidate or liquidate debts.

10.    "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. *See* 16 C.F.R. § 310.2(cc).

## I.

## BAN ON THE TELEMARKETING OF ANY PRODUCT OR SERVICE

**IT IS FURTHER ORDERED** that Defendant Schroeder is hereby permanently restrained and enjoined from engaging in telemarketing that is not exempt from the

5

Telemarketing Sales Rule. Nothing in this Order shall be construed as being an exception to this Section.

## II.

## BAN ON SELLING CREDIT-RELATED PRODUCTS, PROGRAMS, OR SERVICES

**IT IS FURTHER ORDERED** that Defendant Schroeder is hereby permanently restrained and enjoined from promoting, offering for sale, selling, or assisting others in the sale of credit-related products, programs, or services. Nothing in this Order shall be construed as being an exception to this Section.

## III.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promoting, offering for sale, or sale of any product, program, or service, Defendant Schroeder, his successors, assigns, officers, agents, servants, employees, and all other persons or entities in active concert or participation with him who receives actual notice of this Order by personal service or otherwise, whether acting directly or through any corporate or other device, is hereby permanently restrained and enjoined from:

A.    Misrepresenting, directly or by implication, any fact material to a consumer's decision to purchase any product, program or service;

B.    Violating or assisting others to violate any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, *et seq.*, including, but not limited to:

1.    Violating Section 310.3(a)(2) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2), by misrepresenting, directly or by implication, any material aspect of the

performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer, 16 C.F.R. § 310.3(a)(2)(iii);

   2.  Violating Section 310.4(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(4), by requesting or receiving payment of any fee or consideration in advance of obtaining or arranging an extension of credit when they have guaranteed or represented a high likelihood of success in obtaining or arranging an extension of credit; and

   3.  Violating Section 310.3(b) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(b), by providing substantial assistance or support to any seller or telemarketer when knowing or consciously avoiding knowing that the seller or telemarketer is engaged in any act or practice that violates §§ 310.3(a) or (c), or § 310.4, of the Telemarketing Sales Rule, 16 C.F.R. §§ 310.3(a), (c), 310.4, including, but not limited to, providing fulfillment services, as described in the Complaint, such as compiling and mailing membership benefits packages to customers; and

  C.  Assisting others who violate any provision of Subsections A and B of this Section.

IV.

<u>**CONSUMER REDRESS**</u>

  **IT IS FURTHER ORDERED** that judgment is hereby entered in favor of the Commission and against Defendant Schroeder in the amount of $8,273,893.50 (USD) ("Judgment"), jointly and severally with the other Defendants, as equitable monetary relief; *Provided, however,* that the Judgment shall be deemed satisfied as follows:

  A.  Defendant Schroeder and Belinda L. Schroeder, individually and on behalf of their respective successors, heirs, and assigns, hereby grant to the Commission a lien on and security interest in the real property, together with dwelling houses, other structures,

7

improvements, appurtenances, hereditaments, and other rights appertaining or belonging thereto, situated at: (1) 35 West Gordon Street, Bel Air, Maryland 21014 (Richardson Addition); Assessor's Parcel Number: 03-020665; Legal Description: District: 03; City: Bel Air; Assessor's Map Reference: 301 8 506 ("35 West Gordon Street Home"); and, (2) 162 Williams Street, Bel Air, Maryland 21014 (Richardson Addition); Assessor's Parcel Number: 03-004910; Legal Description: District: 03; City: Bel Air; Assessor's Map Reference: 301 8 464 ("162 Williams Street Home") (individually, the "Property" or, collectively, the "Properties"). Defendant Schroeder and Belinda L. Schroeder represent and acknowledge that the Commission is relying on the material representations that Defendant Schroeder and Belinda L. Schroeder are the sole owners, as tenants in the entirety in fee simple, of the 35 West Gordon Street Home and that Belinda L. Schroeder is the sole owner in fee simple of the 162 Williams Street Home; that title to the Properties is marketable; that neither of the Properties is encumbered by any other lien, mortgage, deed of trust, security interest, or other interest; *Provided, however,* that the Commission, Defendant Schroeder, and Belinda L. Schroeder acknowledge that: (1) the Properties are subject to a civil forfeiture proceeding brought pursuant to 18 U.S.C. § 981, captioned *USA v. Real Properties Located at 150 Williams Street, Bel Air, Maryland 21014, et al.,* MJG 03 CV 1223 (D. Md. 2003) ("Civil Forfeiture Case 03-1223"); and (2) Belinda L. Schroeder has received a notice of real estate taxes due for the period July 1, 2003 through June 30, 2004 with respect to the 162 Williams Street Home ("Property Tax Notice"). Defendant Schroeder and Belinda L. Schroeder agree that, as of the date on which they sign this Order, Defendant Schroeder and Belinda L. Schroeder shall refrain from transferring, converting, encumbering, selling, assigning, or otherwise disposing of the Properties, except with the express prior written permission of counsel for the Commission, as ordered or otherwise required in Civil

8

Forfeiture Case 03-1223, or as may be secured by an existing or future tax lien with respect to the outstanding real property taxes set forth in the Property Tax Notice.

B.      Defendant Schroeder and Belinda L. Schroeder, individually and on behalf of their respective successors, heirs, affiliates (including Paul Schroeder & Associates, Your Benefitz, Inc., and The Metaphysical Center of Maryland), and assigns, hereby transfer and assign to the Commission all right, title, and interest in all monies held in the below described bank accounts (collectively, the "Seized Monies"), that are currently in the custody of the United States Postal Service pursuant to three seizure warrants described more particularly below and that are subject to a civil forfeiture action, brought pursuant to 18 U.S.C. § 981, captioned *USA v. $1,032,477.40 U.S. Currency in Thirteen Bank Accounts,* MJG 03 CV 194 (D. Md. 2003):

1.      Chevy Chase Bank Account Nos. 3184301711 (Paul Schroeder & Associates, Inc.; and 3183224801 (Paul J. Schroeder and Belinda Lee Schroeder), subject to a seizure warrant issued in Case No. 2002-3463 BPG (D. Md. 2002);

2.      Sun Trust Bank Account Nos. 1000002679891 (Your Benefitz, Inc.); 1000002679883 (Your Benefitz, Inc.); 1000002679412 (Paul Schroeder); 831630086 (Belinda Schroeder); 838738710 (Belinda Schroeder); 100000268877 (Belinda Schroeder); 1000002680071 (Belinda Schroeder); and 1000002679537 (The Metaphysical Center of Maryland); subject to a seizure warrant issued in Case No. 2002-3464 BPG (D. Md. 2002); and

3.      Sun Trust Bank Account Nos. 1000002679875 (Your Benefitz, Inc.); 1000002679420 (Your Benefitz, Inc.); and 1000002679347 (Your Benefitz, Inc.); subject to a seizure warrant issued in Case No. 2002-3470 SKG (D. Md. 2002)).

C.      Defendant Schroeder and Belinda L. Schroeder shall cooperate fully with the Commission in preparing, executing and recording any documents necessary or desirable to

9

perfect, evidence, and effectuate its liens, security interests, and assignments granted herein. Defendant Schroeder and Belinda L. Schroeder hereby release and waive any statutory, common law, homestead or other exemption that may apply to the Properties and Seized Monies and shall not declare and claim any homestead or other exemption in the Properties and Seized Monies.

D.    Defendant Schroeder and Belinda L. Schroeder agree that, upon the release of any claim or interest that the United States of America has asserted in or against a Property in connection with Civil Forfeiture Case 03-1223, they shall continue to refrain from transferring, converting, encumbering, selling, assigning, or otherwise disposing of the Properties and, subject to Section IV.E., the Commission shall be entitled to exercise immediately any and all rights and remedies against the Properties, including, but not limited to, enforcing the liens and security interests in accordance with Maryland law and terminating the interests of Defendant Schroeder and Belinda L. Schroeder, individually and on behalf of their respective successors, heirs, affiliates and assigns, in the Properties.  Defendant Schroeder and Belinda L. Schroeder shall cooperate fully with the Commission and take such other steps as the Commission may require to relinquish all dominion, control and legal and equitable title to the Properties, including executing any documents and providing any necessary information to enforce the Commission's liens and security interests, and terminate their interests in the Properties.

E.    Within (7) seven business days upon receiving notice of the release of all claims or interests that the United States of America has asserted against or in a Property in connection with Civil Forfeiture Case 03-1223, Defendant Schroeder and Belinda L. Schroeder shall transfer all of their interests in such Property to a Receiver selected by the Commission.  Defendant Schroeder and Belinda L. Schroeder shall cooperate fully with the Receiver and take such other

steps as the Receiver may require to transfer all dominion, control, and legal and equitable title to the Property, including executing any documents and providing any necessary information.

Upon the transfer of Defendant Schroeder's and Belinda L. Schroeder's interests in the Properties, the Receiver shall have full authority to sell the Properties, including, but not limited to, the authority to list the Properties for sale and to sell them at auction. The sales price at which the Receiver lists the Properties for sale and the price that the Receiver accepts for the sale of the Properties shall be subject to agreement with the Commission, and such agreement shall not be unreasonably withheld. Either the Receiver or the Commission may apply to the Court for relief if an agreement on a listing price or the price that is accepted for the sale of the Properties is not reached, but Defendant Schroeder and Belinda L. Schroeder shall have no right to object to either the price at which the Properties are listed or the price that is accepted for the sale of the Properties.

The Receiver is authorized to hire all such personnel and take all such steps necessary to prepare the Properties for sale, to maintain the value of the Properties, and to sell the Properties. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to obtain reasonable compensation for performing the duties pursuant to this Order and reimbursement of the cost of actual out-of-pocket expenses incurred by them, including reasonable and customary closing costs incurred in connection with the sale of each Property, from the proceeds of sale of a Property, subject to agreement with the Commission, and such agreement shall not be unreasonably withheld. Either the Receiver or the Commission may apply to the Court for relief if an agreement on a request for compensation and reimbursement is not reached, but Defendant Schroeder and Belinda L. Schroeder shall have no right to object to the Receiver's request for compensation and reimbursement.

11

All proceeds from the sale of the Properties, minus all requests for compensation and reimbursement of the Receiver, shall be transferred to the Commission to be deposited into a fund to be used by the Commission for equitable relief as described below in Section IV.H.

F.       Defendant Schroeder and Belinda L. Schroeder, individually and on behalf of their respective successors, heirs, affiliates (including Paul Schroeder & Associates, Your Benefitz, Inc., and The Metaphysical Center of Maryland), and assigns, forever waive, release, discharge, and disclaim all right, title, and interest in the Seized Monies that are subject to the civil forfeiture action, *USA v. $1,032,477.40 U.S. Currency in Thirteen Bank Accounts,* MJG 03 CV 194 (D. Md. 2003). Defendant Schroeder and Belinda L. Schroeder agree that none of the Seized Monies shall be returned to them or any of the Defendants, their respective successors, heirs, or assigns, except as otherwise provided in this Order. Defendant Schroeder and Belinda L. Schroeder further agree that, upon the release of any claim or interest that the United States of America has asserted against or in the Seized Monies, Defendant Schroeder and Belinda L. Schroeder shall authorize the United States of America and the United States Postal Inspection Service to transfer the Seized Monies, or portion thereof, that have been released from claims or interests of the United States of America, directly to the Commission. Defendant Schroeder and Belinda L. Schroeder shall cooperate fully with the Commission and take such other steps as the Commission may require to relinquish all dominion, control and legal and equitable title to the Seized Monies, including executing any documents and providing any necessary information to enforce the Commission's assignment and terminate their interests in the Seized Monies, subject to the civil forfeiture action described above.

G.       If Defendant Schroeder and Belinda L. Schroeder fully comply with those provisions set forth in this Section IV, within their respective control, the monetary judgment

established by this Order shall be deemed fully satisfied and the liens, security interests and assignments granted to the Commission by Defendant Schroeder and Belinda L. Schroeder shall be released; *Provided, however, that*, in the event that Defendant Schroeder does not fulfill, or only partially fulfills, the conditions set forth in this Section IV, under his control, he immediately shall be liable for the entire judgment, less any payments or transfers already made to the Commission, and the Commission shall be entitled to exercise immediately any and all rights and remedies against the Properties and the Seized Monies, including, but not limited to, enforcing the liens, security interests and assignments in accordance with Maryland law and terminating the interests of Defendant Schroeder and Belinda L. Schroeder, individually and on behalf of their respective successors, heirs, affiliates (including Paul Schroeder & Associates, Your Benefitz, Inc., and The Metaphysical Center of Maryland), and assigns, in the Properties and Seized Monies; *Provided, however, further, that*, in the event that Defendant Schroeder or Belinda L. Schroeder does not comply with any provision of this Order, including any provision set forth in this Section IV, this subsection does not prevent the Commission from seeking an order to show cause why Defendant Schroeder or Belinda L. Schroeder should not be held in contempt for failure to comply with the Order provision.

H.    All funds paid pursuant to this Order shall be deposited into a fund ("Redress Fund") administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the complaint. Any funds not

used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendant Schroeder and Belinda L. Schroeder shall have no right to challenge the Commission's choice of remedies under this Section.

*Provided* that, as proceeds from the sale of the Properties and the Seized Monies are deposited into the Redress Fund, and before making distributions to consumers for redress, the Commission or its agent shall pay reasonable attorneys' fees and costs to: Susan Q. Amiot and Andrew C. White, Law Offices of Andrew C. White, LLC ("Amiot and White"), and to Robert W. Biddle, Nathans & Biddle ("Biddle"), on a *pro rata* basis of three (3) to Amiot and White and one (1) to Biddle, up to a total amount not to exceed $75,000 to Amiot and White and $25,000 to Biddle, *provided* that the total of such payments for attorneys' fees and expense shall at no time exceed 20% of the total amount deposited into the Redress Fund.

I.      The Commission, Defendant Schroeder, and Belinda L. Schroeder acknowledge and agree that this judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

J.      For purposes of any subsequent proceedings to enforce payments required by this Section, including, but not limited to, a non-dischargeability complaint filed in a bankruptcy case, Defendant Schroeder and Belinda L. Schroeder waive any right to contest any allegations in Plaintiff's complaint.

## V.

## RIGHT TO REOPEN:  ACCURACY OF FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that within five (5) business days after the date of entry of this Stipulated Order, Defendant Schroeder shall submit to the Commission a truthful sworn statement (in the form shown on Appendix A to this Stipulated Order) that shall reaffirm and

14

attest to the truthfulness, accuracy, and completeness of his financial statement dated April 30, 2003. The Commission's agreement to this Stipulated Order is expressly premised upon the financial condition of Defendant Schroeder, as represented in his financial statement, which contains material information upon which the Commission relied in negotiating and agreeing upon this Stipulated Order.

If, upon motion of the Commission, the Court finds that Defendant Schroeder failed to file the sworn statement required by this Section, or that Defendant Schroeder failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the financial statement, the Court shall enter judgment against him, in favor of the Commission, in the amount of eight million two hundred seventy three thousand eight hundred ninety three dollars and fifty cents ($8,273,893.50 (USD)) (the total amount of consumer injury in this matter), and the entire amount of the judgment shall become immediately due and payable, less any amount already paid.

*Provided, however,* that in all other respects, this judgment shall remain in full force and effect, unless otherwise ordered by the Court; and *provided further,* that proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Stipulated Order.

## VI.

### <u>CUSTOMER LISTS</u>

**IT IS FURTHER ORDERED** that Defendant Schroeder, his successors, assigns, officers, agents, servants, employees, and all other persons or entities in active concert or

participation with him who receives actual notice of this Order by personal service or otherwise, whether acting directly or through any corporate or other device, is permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to or received any credit-related product, program, or service from any Named Defendant, or whose identifying information was obtained for the purpose of soliciting them to pay money to or receive services from any Named Defendant at any time prior to the date this Order is entered, in connection with the sale or rendition of the products, programs, or services referenced in the complaint. *Provided, however,* that Defendant Schroeder, his successors, assigns, officers, agents, servants, employees, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporate or other device, may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Schroeder, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement, in the form shown on Appendix B to this Order, acknowledging receipt of this Order.

VIII.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.     Within ten days of receipt of written notice from a representative of the Commission, the Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.     posing as consumers and suppliers to:  Defendant, Defendant's employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; *provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

C.     Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed

17

to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## IX.

## COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

1.    Defendant Schroeder shall notify the Commission of the following:

a.    Any changes in Defendant Schroeder's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.    Any changes in Defendant Schroeder's employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Schroeder is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of Defendant Schroeder's duties and responsibilities in connection with the business;

c.    Any changes in Defendant Schroeder's name or use of any aliases or fictitious names; and

2.    Defendant Schroeder shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy

petition; or a change in the corporate name or address, at least thirty (30) days prior to such

change, *provided* that, with respect to any proposed change in the corporation about which

Defendant Schroeder learns less than thirty (30) days prior to the date such action is to take place,

Defendant Schroeder shall notify the Commission as soon as is practicable after obtaining such

knowledge.

      B.     One hundred eighty (180) days after the date of entry of this Order, Defendant

Schroeder shall provide a written report to the FTC, sworn to under penalty of perjury under the

laws of the United States, setting forth in detail the manner and form in which he has complied

and is complying with this Order. This report shall include, but not be limited to:

           1.     Any changes required to be reported pursuant to Subsection A above;

           2.     A copy of each acknowledgment of receipt of this Order obtained by

Defendant Schroeder pursuant to Section XI of this Order.

      C.     For the purposes of this Order, Defendant Schroeder shall, unless otherwise

directed by the Commission's authorized representatives, mail all written notifications to the

Commission to:

> Director for Midwest Region
> Federal Trade Commission
> 55 East Monroe Street, Suite 1860
> Chicago, Illinois 60603
> Re:   <u>FTC v. 1492828 Ontario Inc., *et al.*,</u>
>       Civil Action No. 02 C 7456

      D.     For purposes of the compliance reporting required by this Section, the

Commission shall communicate with Susan Q. Amiot or Andrew C. White of the Law Office of

Andrew C. White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201.

## X.

## MONITORING COMPLIANCE OF SALES PERSONNEL

**IT IS FURTHER ORDERED** that Defendant Schroeder, in connection with any business in which (1) Defendant Schroeder is the majority owner of the business or directly or indirectly manages or controls the business, and (2) the business is engaged in marketing or selling any product or service to consumers, or materially assists others engaged in these activities, is hereby permanently restrained and enjoined from:

A.    Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Sections I, II and III of this Order. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following: (1) listening to the oral representations made by persons engaged in sales or other customer service functions; (2) establishing a procedure for receiving and responding to consumer complaints; and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B.    Failing promptly to investigate fully any consumer complaint received by any business to which this Section applies; and

C.    Failing to take corrective action with respect to any sales person whom Defendant Schroeder determines is not complying with this Order, which may include training, disciplining, and/or terminating such sales person.

20

## XI.

## DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant Schroeder shall deliver a copy of this Order to the principals, officers, directors, managers and employees under Defendant Schroeder's control for any business that (1) employs or contracts for personal services from Defendant Schroeder, and (2) has responsibilities with respect to the subject matter of this Order. Defendant Schroeder shall secure from each such person a signed and dated statement acknowledging receipt of the Order within thirty (30) days after the date of service of the Order or the commencement of the employment relationship.

## XII.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, for any business where (1) Defendant Schroeder is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business is engaged in marketing or selling any product or service to consumers, or materially assists others engaged in these activities, Defendant Schroeder and his agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with him who receives actual notice of this Order by personal service or otherwise, is hereby restrained and enjoined from failing to create and retain the following records:

A.       Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

21

B.    Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaint and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## XIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

The Commission and Defendant Schroeder hereby stipulate and agree to entry of the foregoing Stipulated Order, which shall constitute a final judgment in this action.

SIGNED AND STIPULATED BY:

FEDERAL TRADE COMMISSION

Dated: 7/28/04

_Karen D. Dodge_
KAREN D. DODGE
JOHN C. HALLERUD
Attorneys for Plaintiff
Federal Trade Commission

22

DEFENDANT
PAUL SCHROEDER, individually and as an officer
of and doing business as Paul Schroeder &
Associates, PS&A, Your Benefitz, and Your
Benefitz, Inc.

Dated: _4- 28- 04_

_Paul Schroeder_
PAUL SCHROEDER

NON-DEFENDANT
BELINDA L. SCHROEDER, individually and as an
officer of and doing business as The Metaphysical
Center of Maryland

Dated: _____

_____
BELINDA L. SCHROEDER

APPROVED AS TO FORM:

Dated: _4/20/04_

_____
SUSAN Q. AMIOT
ANDREW C. WHITE
Law Office of Andrew C. White, LLC
Attorneys for Defendant
Paul Schroeder

Dated: _____

_____
ROBERT BIDDLE
Attorney for Belinda L. Schroeder

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE RONALD A. GUZMAN
United States District Judge

23

DEFENDANT
PAUL SCHROEDER, individually and as an officer of and doing business as Paul Schroeder & Associates, PS&A, Your Benefitz, and Your Benefitz, Inc.

Dated: _____

_____
PAUL SCHROEDER

NON-DEFENDANT
BELINDA L. SCHROEDER, individually and as an officer of and doing business as The Metaphysical Center of Maryland

Dated: 4/28/04

*Belinda L Schroeder*
BELINDA L. SCHROEDER

APPROVED AS TO FORM:

Dated: _____

_____
SUSAN Q. AMIOT
ANDREW C. WHITE
Law Office of Andrew C. White, LLC
Attorneys for Defendant
Paul Schroeder

Dated: 5/20/04

*Robert W. Biddle*
ROBERT BIDDLE
Attorney for Belinda L. Schroeder

**IT IS SO ORDERED.**

Dated: 7/28/04

*Ronald A. Guzman*
HONORABLE RONALD A. GUZMAN
United States District Judge

23

**APPENDIX A**
to <u>Federal Trade Commission v. 1492828 Ontario Inc., *et al.*</u>,
Stipulated Order for Permanent Injunction and Final Judgment
Against Defendant Paul Schroeder

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>1492828 ONTARIO INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 02 C 7456<br>Judge Guzman<br>Magistrate Judge Nolan |

I, _____, hereby state that the information contained in the Financial Statement of Defendant _____ and related papers provided to the Federal Trade Commission on _____ [and as amended on _____, if applicable] was [were] true, accurate, and complete at such time.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____

**APPENDIX B**
to <u>Federal Trade Commission v. 1492828 Ontario Inc., et al.</u>,
Stipulated Order for Permanent Injunction and Final Judgment
Against Defendant Paul Schroeder

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02 C 7456 |
| | ) | Judge Guzman |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| 1492828 ONTARIO INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

[*Name of defendant*], being duly sworn, hereby states and affirms as follows:

1.    My name is _____. My current residence address

is _____.

I am a citizen of _____ and am over the age of eighteen.  I have personal knowledge

of the facts set forth in this Affidavit.

2.    I am a defendant in <u>Federal Trade Commission v. 1492828 Ontario Inc., *et al.*,</u>

Civil Action No. 02 C 7456 (United States District Court for the Northern District of Illinois).

3.    On _____, I received a copy of the Stipulated Order for

Permanent Injunction and Final Judgment Against Defendant Paul Schroeder, which was signed

by the Honorable Ronald A. Guzman, United States District Court Judge, and entered by the

Court on _____.  A true and correct copy of the Order I received is

appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on _____, at _____.

                                        *[date]*                                                           *[city and state/province]*

_____

*[Full name of Defendant]*

State/Province of _____, City of _____

        Subscribed and sworn to before me this ___ day of _____, 2004.

_____

Notary Public
My Commission Expires:

_____

2